UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DANIELLE TEEGARDIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:18cv114 |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

OPINION AND ORDER

This matter is before the court for judicial review of a final decision of the defendant Commissioner of Social Security Administration denying Plaintiff's application for Disability Insurance Benefits (DIB), as provided for in the Social Security Act. Section 205(g) of the Act provides, inter alia, "[a]s part of his answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing." It also provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. §405(g).

The law provides that an applicant for DIB must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of no less than 12 months. . . ." 42 U.S.C. §416(i)(1); 42 U.S.C. §423(d)(1)(A). A physical or mental impairment is "an

impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §423(d)(3). It is not enough for a plaintiff to establish that an impairment exists. It must be shown that the impairment is severe enough to preclude the plaintiff from engaging in substantial gainful activity. *Gotshaw v. Ribicoff*, 307 F.2d 840 (7th Cir. 1962), cert. denied, 372 U.S. 945 (1963); *Garcia v. Califano*, 463 F.Supp. 1098 (N.D.Ill. 1979). It is well established that the burden of proving entitlement to disability insurance benefits is on the plaintiff. *See Jeralds v. Richardson*, 445 F.2d 36 (7th Cir. 1971); *Kutchman v. Cohen*, 425 F.2d 20 (7th Cir. 1970).

Given the foregoing framework, "[t]he question before [this court] is whether the record as a whole contains substantial evidence to support the [Commissioner's] findings." *Garfield v. Schweiker*, 732 F.2d 605, 607 (7th Cir. 1984) citing *Whitney v. Schweiker*, 695 F.2d 784, 786 (7th Cir. 1982); 42 U.S.C. §405(g). "Substantial evidence is defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rhoderick v. Heckler*, 737 F.2d 714, 715 (7th Cir. 1984) quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1410, 1427 (1971); *see Allen v. Weinberger*, 552 F.2d 781, 784 (7th Cir. 1977). "If the record contains such support [it] must [be] affirmed, 42 U.S.C. §405(g), unless there has been an error of law." *Garfield*, *supra* at 607; *see also Schnoll v. Harris*, 636 F.2d 1146, 1150 (7th Cir. 1980).

In the present matter, after consideration of the entire record, the Administrative Law Judge ("ALJ") made the following findings:

1. The claimant has not engaged in substantial gainful activity since September 25, 2014, the application date (20 CFR 416.971 *et seq*.).

2. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine (Exhibits 14-F and 16-F), obesity (height five feet, seven inches and weight three hundred and fifty pounds), depressive disorder, anxiety disorder, and post-traumatic stress disorder (Exhibits 18-F and 19-F)(20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the physical residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a). She is able to lift, carry, push and pull up to ten pounds frequently and occasionally, stand and/or walk for two hours during an eight-hour workday, and sit for six hours, throughout the eight-hour workday. As to postural changes, she can climb ramps and stairs, balance, stoop, and crouch on an occasional basis, but she cannot kneel, crawl, or climb ladders, ropes, and scaffolds. With respect to her work environment, she should avoid even moderate exposure to hazards such as unprotected heights, dangerous or moving machinery, and wet, slippery or uneven surfaces. The claimant retains the mental residual functional capacity to understand, remember, and carry out simple instructions and tasks, make judgments on simple work-related decisions, respond appropriately to usual work situations, and deal with routine changes in a routine work setting. As to social interactions, she can respond appropriately to occasional interactions with co-workers and supervisors and she should avoid work activity involving the general public.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on August 13, 1978 and was 36 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

7. The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

> 10. The claimant has not been under a disability, as defined in the Social Security Act, since September 25, 2014, the date the application was filed (20 CFR 416.920(g)).

(Tr. 18- 32 ).

Based upon these findings, the ALJ determined that Plaintiff was not entitled to disability insurance benefits. The ALJ's decision became the final agency decision when the Appeals Council denied review. This appeal followed.

Plaintiff filed her opening brief on October 30, 2018. On February 7, 2019 the defendant filed a memorandum in support of the Commissioner's decision. Plaintiff has declined to file a reply. Upon full review of the record in this cause, this court is of the view that the ALJ's decision should be remanded.

A five step test has been established to determine whether a claimant is disabled. *See Singleton v. Bowen*, 841 F.2d 710, 711 (7th Cir. 1988); *Bowen v. Yuckert*, 107 S.Ct. 2287, 2290-91 (1987). The United States Court of Appeals for the Seventh Circuit has summarized that test as follows:

> The following steps are addressed in order: (1) Is the claimant presently unemployed? (2) Is the claimant's impairment "severe"? (3) Does the impairment meet or exceed one of a list of specific impairments? (4) Is the claimant unable to perform his or her former occupation? (5) Is the claimant unable to perform any other work within the economy? An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry and leads to a determination that the claimant is not disabled.

*Nelson v. Bowen*, 855 F.2d 503, 504 n.2 (7th Cir. 1988); *Zalewski v. Heckler*, 760 F.2d 160, 162 n.2 (7th Cir. 1985); accord *Halvorsen v. Heckler*, 743 F.2d 1221 (7th Cir. 1984). From the nature of the ALJ's decision to deny benefits, it is clear that Step 5 was the determinative inquiry.

In support of remand, Plaintiff first argues that the ALJ erred in not incorporating limitations from all the medically determinable impairments, both severe and noon-severe, into the RFC and erred in not considering the combined impact of all the impairments. An ALJ must evaluate all relevant evidence when determining an applicant's RFC, including evidence of impairments that are not severe. 20 C.F.R. § 404.1545(a). The hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record. *Varga v. Colvin*, 794 F. 3d 809, 813 (7th Cir. 2015). Moreover, an ALJ may not ignore entire lines of evidence. *Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001); *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008).

In explaining an RFC assessment, the ALJ must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe. When determining the RFC, the ALJ must consider all medically determinable impairments, physical and mental, even those that are not considered "severe." *Id*. § 404.1545(a)(2), (b), (c). Mental limitations must be part of the RFC assessment, because "[a] limited ability to carry out certain mental activities, such as limitations in understanding, remembering, and carrying out instructions, and in responding appropriately to supervision, coworkers, and work pressures in a work setting, may reduce [a claimant's] ability to do past work and other work." *Id*. § 404.1545(c); *Craft v. Astrue*, 539 F. 3d. 668, 676 (7th Cir. 2008).

As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record. *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010) ("Our cases, taken together, suggest that the most effective way to ensure that the VE is apprised fully of the claimant's limitations is to

include all of them directly in the hypothetical."); *Indoranto v. Barnhart*, 374 F.3d 470, 473-74 (7th Cir. 2004) ("If the ALJ relies on testimony from a vocational expert, the hypothetical question he poses to the VE must incorporate all of the claimant's limitations supported by medical evidence in the record."); *see also* SSR 96-5p, 1996 WL 374183, at *5 (RFC assessment "is based upon consideration of all relevant evidence in the case record, including medical evidence and relevant nonmedical evidence"); 20 C.F.R. § 404.1545.

In the present case, Plaintiff asserts that the ALJ's analysis of her mental health impairment and the omission of supported limitations from the hypothetical and RFC constitute error. Specifically, Plaintiff claims that the ALJ's hypothetical and RFC do not account for limitations in concentration, persistence, and pace, and that this failure runs contrary to Seventh Circuit case law. *Yurt v. Colvin*, 758 F.3d 850 (7th Cir. 2014). In his decision, the ALJ found that Plaintiff had moderate limitations in concentration, persistence, and pace, yet the ALJ failed to include any concentration, persistence and pace limitations in the RFC. The ALJ limited Plaintiff to simple instructions/tasks/decisions, and to routine changes in work setting. Plaintiff argues that this limitation is insufficient under the *Yurt* standard to encompass concentration, persistence and pace factors. Plaintiff contends that considering her extensive mental health history that involved past abuse, nightmares, paranoia, panic attacks, headaches, and pain and depression, she had significant mental limitations. As it appears that Plaintiff is correct and that the RFC does not adequately account for her myriad mental health impairments, remand is appropriate.

Plaintiff also argues that the ALJ failed to include the combined effect of her lower extremity problems in the RFC. Plaintiff points out that her leg, knee, ankle, and foot-related impairments, when coupled with her obesity, limits even her ability to sit. Although the VE

acknowledged that Plaintiff would need to switch from sitting to standing throughout the workday, the VE and the ALJ both failed to take into account that Plaintiff cannot switch from sitting to standing quickly as she in unable to activate her abdominal muscles and has increased lordosis (back curvature). It is clear from the record that the ALJ failed to realistically account for Plaintiff's mobility problems, which are exacerbated by her obesity and back problems. Accordingly, remand is appropriate on this point also. On remand the ALJ should carefully craft the RFC so that it reflects all of Plaintiff's impairments, singly and in combination.

Next, Plaintiff argues that the ALJ decision errs by rejecting and discounting the opinions of its own examining physicians without good reason. Plaintiff notes that Dr. Boen opined specifically that she would have trouble being able to concentrate on the job, and trouble staying on task. As the court has already determined that remand is required on the concentration, persistence and pace issue, the court further remands for a closer look at the proper weight to give to Dr. Boen's opinion.

Finally, Plaintiff argues that the ALJ erred by overemphasizing daily activities. The ALJ asserts that working in a booth at an apple festival "is inconsistent on its face" with Plaintiff's physical and mental allegations of impairments. However, as Plaintiff points out, the booth was a part of Plaintiff's sobriety and mental healthcare, and she worked in the back of the booth, sitting, and with the help of another person, put pretzels on a tray and salted them—an activity which seems to have led to her lower extremity swelling. Similarly, the ALJ claims that Plaintiff's care of her father is not consistent with her allegation that she was disabled. Plaintiff points out, however, that during this time she was not getting adequate sleep and had regular days when she was out of commission and could not help her father as she wanted. As such, it would not have

7

been work-comparable or clearly inconsistent with disability. Even while caring for her father, in 2012, sitting for long period was of time was painful and she had left knee pain

Clearly, such approaches to Plaintiff's activities of daily living fail to account for *Bjornson* factors, such as who helped her, lack of work-comparable pressure or production requirements, and so on. The Seventh Circuit has repeatedly cautioned that a person's ability to perform daily activities, especially if they can be done only with significant limitations, does not necessarily translate into an ability to work full-time. *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012), *Punzio v. Astrue*, 630 F.3d 704, 712 (7th Cir. 2011); *Gentle v. Barnhart*, 430 F.3d 865, 867–68 (7th Cir. 2005). An ALJ cannot disregard a claimant's limitations in performing household activities. *Moss v. Astrue*, *555* F.3d 556 (2009); *Mendez v. Barnhart*, 439 F.3d 360, 362 (7th Cir. 2006).

As this case is being remanded on other issues, discussed above, the court will also remand for a closer look at Plaintiff's daily activities, as actually performed.

## Conclusion

On the basis of the foregoing, the decision of the ALJ is hereby REMANDED for further proceedings consistent with this Opinion.

Entered: April 11, 2019.

s/ William C. Lee
William C. Lee, Judge
United States District Court